IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:18-cv-751

NICHOLAS MCCARTNEY,

     Plaintiff,

v.

THE HANOVER INSURANCE COMPANY.

     Defendant.

---

## COMPLAINT

---

Comes now, Nicholas McCartney, by and through his attorneys, Franklin D Azar & Associates,

P.C., and submits the following for his Complaint:

### JURISDICTION AND VENUE

1. Plaintiff is citizen and resident of the State of Colorado.

2. Defendant, The Hanover Insurance Company (Hanover), is a New Hampshire corporation.  Its principal place of business is 400 Lincoln Street, Worcester, MA 01653.

3. The amount in controversy exceeds $75,000.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

### ALLEGATIONS REGARDING INSURANCE COVERAGE

5. On January 12, 2017, Plaintiff operated a 2012 Ford E-350 owned by Ryder Truck Rental Inc.  The Ryder truck was subject to a lease agreement with Plaintiff's employer, Care and Share Inc.

6. Upon information and belief, the Ryder truck was insured under a policy held by Care and Share, through The Hanover Insurance Company.

7. The applicable Hanover policy provides for uninsured/underinsured automobile coverage in the amount of $1,000,000 per person.

**FACTS PERTAINING TO THE JANUARY 12, 2017 AUTOMOBILE COLLISION**

8. Plaintiff was injured as a result of a motor vehicle collision which occurred in Colorado Springs, Colorado on January 12, 2017.

9. At the time of the collision, the Hanover policy was in full force and effect.

10. At the time of the collision, the Plaintiff was proceeding in a northbound direction on Southgate Road in Colorado Springs.

11. At the time of the collision, Brandon Krumrine (Krumrine) was driving a 2012 F-250 in an southbound direction.

12. Krumrine lost control going around a right hand curve and crossed into the southbound lane of traffic.

13. Krumine's vehicle collided with Plaintiff head on.

14. Plaintiff saw Krumrine before impact and applied his brakes.  Plaintiff's vehicle was stopped at the time of the collision and the impact pushed the vehicle backwards and counterclockwise.

15. The front end of both vehicles suffered severe damage.

16. Krumrine was clearly at fault in causing the collision; Plaintiff had done nothing for which his driving could be faulted.

17. Subsequent police investigation revealed that Krumrine has a blood alcohol content of .176 (nearly twice the presumptive blood alcohol content to sustain a driving under the influence charge, .08).

18. Subsequent police investigation revealed that Krumrine had 20 nanograms per deciliter of Alprazolam, a Benzodiazepine.

19. Plaintiff was taken from the scene of the collision by ambulance to Memorial Hospital.

20. Plaintiff was diagnosed with a nondisplaced fracture of the left capitate bone.  Plaintiff was diagnosed with fractures of his 3rd, 4th, 5th, 6th, and 7th left ribs. Plaintiff was diagnosed with a closed fracture of the distal end of the right fibula.  Plaintiff suffered devastating and multiple fractures to his right foot, as well as a bruised lung.

21. Plaintiff continued to receive treatment.  To date, his medical expenses are approximately $67,882.91.

## THE KRUMINE SETTLEMENT

22. At the time of the collision, Krumine was insured with Geico.  His policy provided for bodily injury coverage in the amount up to $25,000 per person, $50,000 per occurrence.

23. Plaintiff submitted a claim to Geico.

24. On January 8, 2018, Geico agreed to pay the policy limits of $25,000 in order to settle Plaintiff's claim against Krumine.

## FACTS PERTAINING TO THE UNDERINSURED MOTORIST COVERAGE CLAIM

25. As previously noted, Plaintiff was operating a motor vehicle insured through a Hanover insurance policy that provided underinsured coverage for the January 12, 2017 collision.

26. Shortly after the collision, Plaintiff notified Hanover of the collision and a claim was opened.

27. During the ensuing months, medical records and bills were submitted to Hanover.

28. On September 12, 2017, Plaintiff requested Hanover's consent to settle his bodily injury claim against Krumine.

29. On December 13, 2017, Plaintiff made a specific request to Hanover for benefits under the policy.

30. To date, Hanover has failed to respond, at all, to Plaintiff's request.

31. Hanover has not tendered a partial payment to date.

### FIRST CLAIM FOR RELIEF BREACH OF CONTRACT

32. Plaintiff re-alleges, as though re-stated in full, all of the allegations set for in paragraphs 1 through 32 of this Complaint.

33. The Hanover automobile policy provides for underinsured motorist coverage in order that its insured, injured victims of motor vehicle collisions are fully compensated in the event that the at-fault driver has insurance coverage which is not adequate to provide the injured victims full compensation.

34. The true value of Plaintiff's bodily injury claim far exceeds the limits of Krumine's policy. By failing to pay Plaintiff fair compensation for his bodily injury claim, Hanover has breached its insurance contract.

35. Pursuant to this breach of contract claim, Plaintiff seeks to recover the fair compensation for his underinsured motorist coverage, $1,000,000.

### SECOND CLAIM FOR RELIEF COMMON-LAW BAD FAITH

36. Plaintiff re-alleges, as though re-stated in full, all of the allegations set forth in paragraphs 1 through 36 of this Complaint.

37. Hanover had an obligation to act in good faith with respect to Plaintiff's claim for underinsured motorist coverage benefits.

38. Hanover acted unreasonably in the handling Plaintiff's UIM claim; this unreasonable conduct included but is not limited to the following:

    a. Favoring its own interests over those of the Plaintiff.

    b. Not making a payment for undisputed UIM benefits which the Plaintiff was entitled.

    c. Not offering the Plaintiff an explanation to justify its unreasonably low settlement offer.

    d. Compelling the Plaintiff to institute litigation in order to recover amounts legitimately due to him under the Hanover policy.

39. Hanover knew that its' conduct with respect to settling Plaintiff's UIM claim was unreasonable or at least recklessly disregarded the fact that its' conduct was unreasonable.

40. The Hanover's unreasonable conduct was the cause of the additional damages to the Plaintiff, including emotional distress and the loss of business opportunity with respect to investment of the UIM settlement proceeds.

41. Plaintiff sustained injuries and damages as a result of Hanover's unreasonable conduct including added emotional distress, added attorney fees and costs, and loss of investment opportunities.

42. Hanover's non-payment of Plaintiff's legitimate UIM claim was attended by fraud and by willful and wanton disregard of Plaintiff's rights.

## THIRD CLAIM FOR RELIEF FIRST PARTY STATUTORY CLAIM

43. Plaintiff re alleges, as though re-stated in full, all of the allegations set forth in paragraphs 1-47 of this Complaint.

44. In accordance with C.R.S. 10-3-1115 and 1116, Hanover is liable for statutory damages since it unreasonably delayed/denied payment of a covered first party benefit which includes benefits under underinsured motorist coverage provisions of automobile insurance contracts.

45. Hanover unreasonably delayed and denied payment of underinsured motorist coverage benefits to the Plaintiff.

46. Hanover's delay and denial was without a reasonable basis.

WHEREFORE, Plaintiff prays for the judgment against Defendant for the sum of $750,000 on his breach of contract claim, for such additional damages under his common-law bad faith as may be deemed reasonable and appropriate, for exemplary damages under the common law bad faith claim, for treble damages, and for attorney fees under the statutory claim. In addition, Plaintiff seeks interest, costs, and such other and further relief as this Court shall deem proper under the circumstances.

DATED this 30 day of March, 2018.

FRANKLIN D. AZAR & ASSOCIATES, P.C.

By: /s/ *Patric J. LeHouillier*
Patric J. LeHouillier, Esq., Atty. Reg. # 7984
FRANKLIN D. AZAR & ASSOCIATES, P.C.
5536 Library Lane
Colorado Springs, CO 80918
Phone Number: (719) 527-8000
Fax Number:   (719) 550-3926
E-Mail:       lehouillierp@fdazar.com
*Attorney for Plaintiff*

**Plaintiff's Address:**
**212 Jersey Lane**
**Widefield, CO 80911**